UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application of

Oasis Core Investments Fund Ltd.,

Petitioner, For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.

23-MC-402 (SHS)

**Opinion & Order**

---

SIDNEY H. STEIN, U.S. District Judge.

Petitioner Oasis Core Investments Fund Ltd. brings this application for discovery in a foreign proceeding pursuant to 28 U.S.C. § 1782. The underlying foreign action is a shareholder appraisal rights proceeding in the Supreme Court of Bermuda arising from a transaction, completed on September 28, 2023, in which Triton International Limited—a lessor of intermodal freight containers—was taken private through an acquisition of shares by Brookfield Infrastructure Corporation ("BIPC") and its affiliated entities (together, "Brookfield").[1] (ECF No. 2-15.) Goldman Sachs advised Triton on the transaction. Oasis, the sole dissenting shareholder to the transaction, has initiated an appraisal proceeding in the Supreme Court of Bermuda to determine the fair value of its Triton shares.

Pursuant to Section 1782, Oasis initiated this application for foreign discovery materials from BIPC—the buyer in the transaction—as well as the affiliated Brookfield entities and Goldman Sachs. (ECF No. 1.) In particular, Oasis seeks discovery from Brookfield about the fairness of the transaction price, the process by which the price was determined, negotiations, financial analyses regarding the transaction, alternative transactions considered, Triton's independence from the buyer, and Triton's valuation. (ECF No. 4 at 7-8.) Oasis's requests are limited to the approximately 17 months between April 1, 2022—the month before Brookfield initiated discussions about the transaction—and August 24, 2023. (ECF No. 2-1 at 5; ECF No. 2-6 at 55.)

---

[1] The affiliated Brookfield entities are Brookfield Infrastructure Fund V-A, L.P., Brookfield Infrastructure V-B, L.P., and Brookfield Infrastructure V-C, L.P.

Brookfield requests that the Court deny Oasis's application or, in the alternative, narrow and stay the discovery pending the issuance of a protective order and a "Directions Order"[2] in the Bermuda proceeding. Brookfield also requests that the Court allocate costs between itself and Oasis. Goldman Sachs has not opposed the application.

For the reasons set forth below, the Court grants Oasis's application for foreign discovery pursuant to 28 U.S.C. § 1782.

## I. Legal Standard

As set forth in Section 1782, "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." 28 U.S.C. § 1782. Accordingly, the Section 1782 application must satisfy three statutory requirements: (1) the discovery is sought from someone who resides or is found within the district; (2) the discovery is for use before a foreign tribunal; and (3) the applicant is an "interested person." *See Bouvier v. Adelson* (*In re Accent Delight Int'l Ltd.*), 869 F.3d 121, 128 (2d Cir. 2017).

If these statutory requirements are met, the court then considers the four discretionary "*Intel*" factors set forth by the U.S. Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) as follows: (1) whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id*. at 264-65. The U.S. Court of Appeals for the Second Circuit has instructed district courts to exercise their discretion "in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997) (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)).

---

[2] When entered, the Directions Order will govern the scope of discovery in the Bermuda proceeding.

## II. Oasis Meets the Statutory Requirements

Brookfield does not dispute that all three statutory requirements are satisfied. First, Brookfield is "found" in this District because each affiliated Brookfield entity has its principal place of business in New York City. (ECF No. 2-14.) *See In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). Second, Oasis has the right to submit the requested documents to the Bermuda tribunal, which satisfies the statute's "for use" requirement. (Declaration of Keith Robinson, ECF No. 3 ¶ 36; Declaration of John Wasty, ECF No. 26 ¶ 41.[3]) Third, Oasis is a party to the foreign proceeding and therefore an "interested person" under the statute. *Intel*, 542 U.S. at 256.

## III. Oasis Satisfies the *Intel* Factors

Brookfield does not contest that the first and second *Intel* factors weigh in favor of Oasis. On the first factor, the Brookfield entities are not parties to the Bermuda appraisal proceedings; only Oasis and Triton are parties. (ECF No. 3-1.) On the second factor, Robinson and Wasty both agree that Bermuda courts are receptive to evidence obtained pursuant to Section 1782. (Robinson Decl. ¶ 44; Wasty Decl. ¶ 41.) Instead, Brookfield urges that the third and fourth factors support denial of the application. The Court disagrees.

### A. The Third *Intel* Factor Supports Oasis

The third *Intel* factor is whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. The evidence sought need not be discoverable in the foreign proceeding, *id*. at 261, and there is no requirement that Oasis attempt to gather the information through the foreign proceeding first. *See In re Top Matrix Holdings, Ltd.*, No. 18-MC-465, 2020 WL 248716, at *6 (S.D.N.Y. Jan. 16, 2020). Rather, "'[p]roof-gathering restrictions' are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015) (emphasis in original).

---

[3] In determining foreign law, the Court "may consider any relevant material or source," Fed. R. Civ. P. 44.1, including the declarations of Robinson and Wasty, who are both partners in Bermuda law firms. (ECF No. 3 ¶ 2; ECF No. 26 ¶ 2.)

Brookfield first contends that the Bermuda court's forthcoming Directions Order will impose proof-gathering restrictions. However, Brookfield has "not provided any showing that the policy or restrictions of any relevant foreign jurisdiction *prohibit* the discovery sought by [Oasis]," *Accent Delight Int'l v. Sotheby's, Inc. (In re Accent Delight Int'l)*, 791 F. App'x 247, 251 (2d Cir. 2019), and points to no proof-gathering restriction that is currently under consideration in Bermuda. More generally, even if the Directions Order were to restrict discovery, such a restriction would apply to Triton and Oasis, the parties in the Bermuda proceeding. There is no evidence in this record suggesting that the Directions Order would govern or prohibit any potential discovery from non-party Brookfield.

Brookfield also argues that Oasis's broad discovery requests run afoul of Bermuda's requirement that the requests be specific and not "fishing expeditions." However, such a requirement does not amount to the sort of proof-gathering restriction contemplated by the Second Circuit. *See Mees*, 793 F.3d at 303 n.20 ("That a country does not enable broad discovery within a litigation does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means.").

Brookfield also contends that Oasis is acting in bad faith by bringing this application prior to a Directions Order being entered in Bermuda. This is not persuasive. The only cases cited by Brookfield to substantiate its position involved a failure to notify the judge of relevant adverse rulings in an *ex parte* application. *See In re Auto-Guadeloupe Investissement S.A.*, No. 12-MC-221, 2012 U.S. Dist. LEXIS 147379, at *23 (S.D.N.Y. Oct. 10, 2012); *In re WinNet R CJSC*, No. 16-MC-484, 2017 U.S. Dist. LEXIS 97164, at *2 (S.D.N.Y. June 23, 2017). Here, the Section 1782 application was filed publicly, explicitly provided a period for Brookfield to oppose it, and Brookfield does not contend that Oasis has failed to bring a prior adverse ruling to the Court's attention.

Finally, Brookfield's objection to discovery in the absence of a protective order is easily remedied. The Court directs the parties to enter a protective order prior to discovery materials being exchanged.

### B. The Fourth *Intel* Factor Supports Oasis

The fourth *Intel* factor requires the Court to "assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. Rule 26 permits relevant and proportional discovery, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b). "It is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees*, 793 F.3d at 302.

Oasis's requests are limited to a 17-month period and cover topics consistent with appraising the value of Oasis's Triton shares, such as communications concerning the negotiation, alternative transactions, outreach to alternative buyers, internal approval, and valuation. (ECF No. 2-1.) The amount in controversy is also substantial: the total value of Oasis's shares at the merger price is $98.5 million and the total enterprise value of Triton is approximately $13.3 billion. (ECF No. 31 ¶ 47.) Relatedly, the parties' resources are significant, as "Brookfield Infrastructure is the flagship listed infrastructure company of Brookfield Corporation, a global alternative asset manager with approximately $800 billion of assets under management." (ECF No. 25-3.) These factors support Oasis's application.

Brookfield's arguments that the requested discovery is overbroad and unduly burdensome under Rule 26 are not persuasive. First, while Brookfield alleges that the Bermuda court's appraisal is limited to the "fair value" of the shares and excludes any consideration of the process by which the value was determined, Oasis cites to Bermuda law suggesting that "the measures taken in the sale process" are indeed relevant. (ECF No. 3 ¶ 30.) Second, Brookfield's objections to specific requests—with the one exception noted below—are unavailing: Triton's possible post-merger credit ratings are relevant because the proxy statement identifies the company's credit rating as a key consideration affecting the merger decision; Brookfield's document retention policies are relevant to Brookfield's compliance with the subpoenas; and the requests are appropriately time limited to a month preceding the first contact between Brookfield and Triton about the merger. Third, the document and testimony requests are not unnecessarily duplicative of each other, as Brookfield urges, as it is routine for depositions to cover the same topics as documentary evidence. Finally, Brookfield's concerns with confidentiality will be adequately addressed by the forthcoming consent protective order.

However, the Court does agree with Brookfield that the following request by Oasis is unnecessary: "All Documents and materials provided to [Brookfield] from

[Triton], Including due diligence materials." (ECF No. 2-1 at 7.) Oasis may pursue Triton's documents directly from Triton in the Bermuda proceeding.

Accordingly, the fourth *Intel* factor also weighs in favor of Oasis's application.

### IV. The Parties Should Bear Their Own Costs

Brookfield additionally requests that Oasis should bear some or all of Brookfield's costs incurred in producing the required discovery. "A district court may allocate the expenses associated with a non-party's response to a subpoena served pursuant to Section 1782." *In re Kingstown Partners Master Ltd.*, No. 21-MC-691, 2022 U.S. Dist. LEXIS 65735, at *21 (S.D.N.Y. Apr. 8, 2022). "Determining each party's share of the cost of compliance in such circumstances turns on three factors: (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation is of public importance." *Id.* (internal quotation marks omitted). *See also In re Carolina Andraus Lane*, No. 22-MC-34, 2023 U.S. Dist. LEXIS 68833, at *2 (S.D.N.Y. Apr. 17, 2023).

Here, Brookfield—as a party to the transaction—has a strong interest in the outcome of the appraisal proceeding, which weighs in favor of Brookfield bearing its own costs. *Id.* at *2-3. Second, as a major financial institution, Brookfield is also readily able to bear the costs of discovery. Though the litigation is not of significant public importance—which ordinarily counsels in favor of cost-sharing—that factor is not sufficient to outweigh Brookfield's strong interest in the transaction and ability to bear the costs. Each party shall bear its own costs.

### V. Conclusion

Because Oasis has satisfied both the statutory and discretionary *Intel* factors, the Court grants Oasis's application for foreign discovery pursuant to 28 U.S.C. § 1782, with the exception of documents previously provided by Triton to Brookfield. The Court

directs the parties to enter a protective order before engaging in any discovery and denies Brookfield's request for cost-sharing.

Dated: New York, New York
February 7, 2024

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.